UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

USA,

              Plaintiff,

    v.

HOWARD WEBBER,

              Defendant.

Case No. 13-cr-00662-RS-2   (JSC)

**DETENTION ORDER NO. 2**

On October 3, 2013, Defendant Howard Webber and a co-defendant were charged by federal indictment with mail fraud and aggravated identity theft arising from an alleged scheme to file fraudulent federal income tax returns on behalf of various prison inmates. Mr. Webber subsequently waived findings as to detention, and was remanded to custody. (Dkt. No. 20.) By Order filed June 3, 2014, the district court dismissed the aggravated identity theft counts on the grounds that a defendant who uses another person's identity with that person's consent is not guilty under the governing statute. (Dkt. No. 53.) The government appealed.

While the appeal was pending Mr. Webber remained in custody. In January 2015 Mr. Webber moved for his release, arguing in part that there is a concern that should the government's appeal be denied, Mr. Webber may serve more custodial time pretrial than he could be sentenced to under the remaining counts, assuming he is convicted. By order filed January 22, 2015, the Court released Mr. Webber to a halfway house upon his posting over $23,000 in cash that he had recently received as an inheritance. (Dkt. No. 74.) The Court found that his residence at the halfway house, essentially on lock down status, coupled with the cash bond, were sufficient to assure his appearance as required in court and sufficiently mitigated any danger to the community.

On Monday, March 12, 2015, Mr. Webber was expelled from the halfway for throwing juice at an employee and using a racial epithet. He appeared in court that day before the duty

1 magistrate judge, and was released to reside at the home of the mother of his child, Ms. Mayra
2 Parl and placed on electronic monitoring. Ms. Parl did not sign on to the modified bond. Mr.
3 Webber was also ordered to appear before the undersigned judge on April 2, 2015.

4     The government subsequently moved to revoke Mr. Webber's bond. (Dkt. No. 97.) The
5 Court remanded Mr. Webber to custody based on the Court's concern about Mr. Webber's
6 proposal that he continue to reside with Ms. Parl. (Dkt. No. 100.) Two weeks later, and once that
7 concern was addressed, the Court released Mr. Webber to reside with Ms. Parl under certain
8 conditions, including electronic monitoring and a curfew. (Dkt. No. 102.) Over the next few
9 months the Court held several more bond hearings. (Dkt. Nos. 103, 104, 106, 107, 110.) As Mr.
10 Webber was no longer able to reside with Ms. Parl, the Court modified Mr. Webber's conditions
11 of release to permit him to live at another residence, again on electronic monitoring and subject to
12 a curfew.

13     On August 31, 2015, the Ninth Circuit reversed the district court's dismissal of the
14 aggravated identity theft counts. (Dkt. No. 109.) However, Mr. Webber and his co-defendant
15 have filed a petition for writ of certiorari to the United States Supreme Court and the Ninth Circuit
16 has not issued its mandate.

17     On November 23, 2015, the Court signed a warrant for Mr. Webber's arrest based on a
18 report from pretrial services regarding violations of his conditions of release. The Court held a
19 hearing on November 24, 2015, at which Mr. Webber was present and in custody and represented
20 by his attorney Elizabeth Falk. The Court again remanded Mr. Webber to custody.

## DISCUSSION

A federal court may order revocation of pretrial release and detention if the court

> (1) finds that there is either "probable cause to believe that the person has committed a Federal, State, or local crime while on release" or "clear and convincing evidence that the person has violated any other condition of release"; and (2) finds that "based on the factors set forth in [18 U.S.C. § 3142(g)], there is no condition or combination of conditions of release that will assure that the person will not flee or pose a danger to the safety of any other person or the community" or "the person is unlikely to abide by any

condition or combination of conditions of release."

*United States v. Howard,* 793 F.3d 1113, 1113 (9th Cir. 2015) (quoting 18 U.S.C. § 3148(b)(1) & (2)).  For the reasons stated in open court on November 24, 2015, the Court finds by clear and convincing evidence that Mr. Webber violated his conditions of release; specifically, he violated his curfew.  The Court also finds that there is no condition or combination of conditions that will assure the safety of any other person or the community in light of his landlord's communication of her intent to evict Mr. Webber and Mr. Webber's failure to provide pretrial services with proof of his employment, as well as the other facts discussed at the November 24, 2015 hearing.

**IT IS SO ORDERED.**

Dated: November 30, 2015

JACQUELINE SCOTT CORLEY
United States Magistrate Judge