UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>　　　　Plaintiff,<br>　　v.<br>HOWARD WEBBER,<br>　　　　Defendant. | Case No. 13-cr-00662-RS-2<br><br>**THIRD ORDER REGARDING MOTIONS *IN LIMINE*** |

The parties' motions *in limine* having been briefed, the following rulings will enter.

**A. Government's Motions**

    1. Motion To Admit Records of Incarceration

The parties have agreed to rely on a factual stipulation rather than incarceration records to prove that Webber was incarcerated at the San Quentin State Prison in San Quentin, California from September 7, 2011 to February 13, 2012 and at Santa Clara County, California jail from July 20, 2011 to September 2, 2011. The government's motion to admit Webber's records of incarceration at San Quentin Prison and Santa Clara County jail is therefore denied without prejudice.

    2. Motion To Admit Non-Hearsay Statements of Webber's Agents

The government's motion to admit statements by other recruiters is granted because the record sufficiently establishes that the recruiters were Webber's "agents" for purposes of Rule 801(d)(2)(D). *See United States v. Bonds*, 608 F.3d 495, 505 (9th Cir. 2010); *Restatement (Third) Of Agency* § 1.01 (2006).

**B. Webber's Motions**

    1. Motion To Exclude 404(b) Evidence

Webber's motion to exclude evidence identified in the Government's third Rule 404(b) notice is granted. The evidence that Webber solicited Bercovich to help him prepare fraudulent loan packages in 2008 is not "inextricably intertwined" with the charged offenses, *see United States v. Vizcarra-Martinez*, 66 F.3d 1006, 1012 (9th Cir. 1995), and the probative value of such evidence is substantially outweighed by the danger of unfair prejudice. *See* Fed. R. Evid. 403.

**IT IS SO ORDERED**.

Dated: January 5, 2017

_____
RICHARD SEEBORG
United States District Judge