UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>　　　　Plaintiff,<br>　　v.<br>HOWARD WEBBER,<br>　　　　Defendant. | Case No. 13-cr-00662-RS<br><br>**FOURTH ORDER REGARDING MOTIONS IN LIMINE** |

## I.　INTRODUCTION

On December 30, 2016, the government filed its third Rule 404(b) notice. It advised of its intent to offer evidence that, in 2008, Webber solicited Bercovich to help him prepare and submit fraudulent loan packages to secure mortgages for bidding on real estate. The government argued that the proffered evidence is exempt from the requirements of Rule 404 because it is "inextricably intertwined" with the charged offenses and, alternatively, that the evidence is admissible under Rule 404(b)(2) because it illustrates Webber's intent to engage in the charged conduct. In response, Webber moved to exclude the evidence and, on January 5, 2017, his motion was granted. The order granting Webber's motion explained that the proffered evidence is not "inextricably intertwined" with the charged offenses and that the probative value of such evidence is substantially outweighed by the danger of unfair prejudice. On January 14, 2017, the government renewed its motion to admit the 2008 loan fraud evidence. For the reasons discussed below, the government's motion is denied.

## II.　DISCUSSION

The government argues that a number of recent developments have opened the door for the introduction of the 2008 loan fraud evidence. Specifically, it contends that, through opening

statements and cross-examinations, Webber has argued to the jury that he reasonably relied on the advice of Bercovich. Consequently, the government claims, evidence that the codefendants' relationship began when Webber solicited Bercovich to commit fraud is essential to undermine the defense that Webber reasonably relied on Bercovich's advice. Webber's defense, however, has not changed since the prior ruling on this issue. Indeed, in its Rule 404(b) notice, the government characterized Webber's specific intent defense as "Webber's defense that he relied on Bercovich to provide him with legal advice." Dkt. No. 268. Webber has not newly opened the door to introduction of the proffered evidence merely by emphasizing his lack of specific intent to engage in the charged conduct.

Relatedly, the government argues that Webber opened the door for the introduction of the proffered evidence because he questioned Bercovich on a real estate transaction which they participated in together. The government claims that "the jury is left with the impression that Webber engaged in a legitimate real estate transaction with Bercovich, and that Bercovich alone committed an act of embezzlement with respect to that transaction." Mot. at 3. Yet, Webber's questioning related to the disbursement of proceeds from that transaction, not the legality of it. Webber has not questioned Bercovich on his participation in any fraudulent real estate loan transactions.

At this point, the government has not identified any reason to disturb the prior order. As previously explained, the proffered evidence is not "inextricably intertwined" with the charged offenses. It is not "part of the transactions that serve as the basis for the criminal charge," *United States v. Vizcarra-Martinez*, 66 F.3d 1006, 1012 (9th Cir. 1995), nor is it necessary to permit the government to "offer a coherent and comprehensible story regarding the commission of the crime." *Id.* at 1012-13. The 2008 loan fraud evidence falls outside of the scope of the charged conspiracy and is not directly related to the creation of IARLS or the filing of false tax returns.

Moreover, the purpose for admitting the proffered evidence appears to be to prove criminal propensity, which is impermissible under Rule 404(b). The government argues that the evidence illustrates Webber's intent to engage in the charged conduct. It contends the evidence shows that, with regard to IARLS, "Webber could not have in good faith relied on the advice of a disbarred

attorney with whom he previously engaged in fraud." Dkt. No. 268.  Yet, the evidence does not relate to the filing of tax returns, nor does it directly illustrate whether Webber's reliance on Bercovich's tax advice was reasonable or done in good faith.  Thus, the government has failed to carry the burden of showing how the proffered evidence is relevant to one or more issues in the case. *See United States v. Mehrmanesh*, 689 F.2d 822, 830 (9th Cir. 1982).  Moreover, even if the government had carried that burden, there is a real danger that the jury would treat the proffered evidence as propensity evidence, making it much more prejudicial than probative. *See* Fed. R. Evid. 403.

### III.   CONCLUSION

For the foregoing reasons, the government's motion to admit the evidence identified in its third Rule 404(b) notice is denied.

**IT IS SO ORDERED**.

Dated: 1/16/17

_____
RICHARD SEEBORG
United States District Judge