1

2

3

4                          UNITED STATES DISTRICT COURT

5                        NORTHERN DISTRICT OF CALIFORNIA

6

7    United States,                              Case No.  13-cr-00662-RS-1

              Plaintiff,
8
                                                 **ORDER REGARDING JURY**
9         v.                                     **INSTRUCTIONS**

10   Howard Webber,

              Defendant.
11

12

13        At the charging conference, the government requested the inclusion of a deliberate

14   ignorance instruction and a *Pinkerton* instruction.

15        **1. Deliberate Ignorance**

16        The government requests the inclusion of a deliberate ignorance instruction based on

17   Model Instruction 5.7.  Deliberate ignorance involves "(1) a subjective belief that there is a high

18   probability a fact exists; and (2) deliberate actions taken to avoid learning the truth."  *United*

19   *States v. Yi*, 704 F.3d 800, 804 (9th Cir. 2013).  Viewing the evidence in the light most favorable

20   to the government, the record supports an inference that Webber was aware of a high probability

21   that representations made to the IRS were false and that he deliberately avoided learning the truth.

22   Accordingly, "the jury could rationally find willful blindness even though it has rejected the

23   government's evidence of actual knowledge." *United States v. Heredia*, 483 F.3d 913 (9th Cir.

24   2007).  A deliberate ignorance instruction is thus appropriate.

25        Webber argues that the instruction is "wholly inapplicable" here because there are

26   allegations of fraud.  Def. Objection at 2.  The proposed instruction, however, will be given in

27   connection with the instruction defining "knowingly" and there is a knowledge element of mail

28   and wire fraud.  In *United States v. Hong Lee Wong*, 619 F. App'x 580, 582 (9th Cir. 2015)

United States District Court
Northern District of California

(unpublished), the Ninth Circuit recently affirmed a deliberate ignorance instruction where the defendant was convicted of wire fraud and aggravated identity theft.  It explained: "We see no reason to treat the knowledge element of the wire fraud statute differently from other federal offenses."  *Id.* at 582 (citing *United States v. McDonald*, 576 F.2d 1350, 1358 (9th Cir. 1978)); *see also United States v. Brandt*, 466 Fed. Appx. 610, 611 (9th Cir. 2012) (unpublished) (affirming deliberate ignorance instruction for wire fraud); *United States v. Lyon*, No. 15-30204, 2016 WL 4598587, at *2 (9th Cir. Sept. 2, 2016)(unpublished) (affirming deliberate ignorance instruction for wire fraud, false claims, and theft of government property); *United States v. Haischer*, 780 F.3d 1277, 1282-1283 (9th Cir. 2015) (discussing *Jewell* instruction for conviction of wire fraud).

### 2. *Pinkerton*

The government also seeks the inclusion of an instruction informing the jury it may find Webber guilty of mail fraud or aggravated identity theft according to the *Pinkerton* theory of liability.  *See Pinkerton v. United States*, 328 U.S. 640 (1946).  Webber opposes the instruction to the extent it instructs on *Pinkerton* liability for aggravated identify theft.  Webber's opposition is well-taken because there are two problems with the government's proposed instruction.  First, the proposed instruction tells the jury it may find Webber guilty of aggravated identify theft if, among other things, it finds Clifford Bercovich committed that crime; it fails, however, to indicate *whose* identities the jury would have to find Bercovich stole.  Any proper instruction would have to include those identities because the jury heard evidence that Bercovich stole many identities in addition to those the indictment charges Webber with stealing.  *See United States v. Ward*, 747 F.3d 1184, 1192 (9th Cir. 2014).  Even though this defect can be cured with a rewritten instruction, an instruction on *Pinkerton* liability for aggravated identity theft is nonetheless inappropriate because the government had the opportunity to propose it before trial with its *Pinkerton* instruction on mail fraud and did not do so.  To allow the instruction now would risk prejudice to Webber, because for the vast majority of trial he had no notice —either from the

United States District Court
Northern District of California

proposed jury instructions or the indictment[1] — he would have to defend against such a theory of liability.  Accordingly, the jury will receive a *Pinkerton* instruction only for the mail fraud counts.

**IT IS SO ORDERED**.

Dated:  January 19, 2017

RICHARD SEEBORG
United States District Judge

---

[1] Of course, a defendant can be found guilty of a substantive offensive on a theory of *Pinkerton* liability even though the indictment did not allege that substantive offense as an objective of a charged conspiracy.  *See, e.g.*, *United States v. Johnson*, 886 F.2d 1120, 1123 (9th Cir. 1989) (affirming firearms conviction on *Pinkerton* theory where indictment charged a drug conspiracy). In this case, it would be unfairly prejudicial to do so for the reasons set forth above.